**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THOMAS NICHOLAS SALZANO,<br>a/k/a "Nicholas Salzano" | No. 22cr690 (EP)<br><br>**ORDER REGARDING ADVICE-OF-COUNSEL DEFENSE** |

**PADIN**, **District Judge.**

**I.     BACKGROUND**

On October 12, 2022, a grand jury indicted Salzano and Co-Defendant Rey Grabato. D.E. 19 ("Indictment"). The Indictment alleges generally that between February 2018 and January 2022, Salzano and Grabato[1] defrauded investors and potential investors of NRIA Partners Portfolio Fund I LLC, a real estate fund operated by National Realty Investment Advisors, LLC ("NRIA"). The Indictment also alleges that during the same period, Salzano and Grabato conspired to defraud the Internal Revenue Service ("IRS") by obstructing its efforts to collect tens of millions of dollars in outstanding taxes owed by Salzano.

The Government's motion *in limine* seeks, among other things, to preclude an advice-of-counsel defense, and/or for information and discovery regarding that defense. D.E. 71 ("Motion" or "Mot.") at 34, § V. Defendant Thomas Nicholas Salzano opposes. D.E. 73 ("Opp'n") at 16. The Government replies. D.E. 76 ("Reply") at 8. For the reasons below, the Government's motion will be **GRANTED** to the extent of directing Salzano to confirm whether he intends to use the advice-of-counsel and, if so, to provide relevant discovery.

---

[1] Grabato has fled the United States.

**II.     ANALYSIS**

In its initial motion in limine ("MIL"), the Government asked the Court to preclude any advice-of-counsel or involvement-of-counsel defense based on Salzano's failure to notice such a defense, delineate its scope, or provide discovery supporting it. Gov't MIL at 34.[2]

In his opposition, Salzano argues that there is no basis to preclude the defense because it may be used to establish his state of mind and/or negate the *mens rea* the Government must establish. Opp'n at 16. Salzano further argues that he informed the Government on January 31, 2024 that he might call any of four attorney witnesses to establish the defense. *Id.* at 16. However, while he does not intend a "blanket" advice-of-counsel defense, nor can he, at this juncture, "realistically assert how and when he may rely on an advice-of-counsel defense." *Id.* at 17.

In its reply, the Government acknowledges Salzano's acknowledgement that he may invoke the defense. Gov't Reply at 8. However, the Government reiterates its argument that Salzano should be compelled to disclose "the basis and scope of his assertion," and discovery in support, "so that the parties have adequate time to brief the issue in advance of the status conference scheduled for February 27, 2024." *Id.*

The Government argues that the advice-of-counsel defense could pertain to one of many matters, *e.g.*, that Salzano "received legal advice relating to his decision to withhold from investors his history of fraud, or that his fraudulent misappropriation of millions of dollars was somehow laid fully before legal counsel, who approved of the conduct, or that he received legal advice on any other particular aspect of the conduct at issue, or a combination of these defenses, or something else entirely." *Id.* at 9. Nor, the Government argues, has Salzano identified any other particulars:

---

[2] Given that Salzano has now indicated the possibility of such a defense, the branch of the Government's MIL seeking preclusion based on the failure to provide notice is moot.

which attorneys he consulted as to which issues, which attorney advised him, what advice they gave, and whether he followed that advice. *Id.* And finally, the Government argues that Salzano has also not waived privilege, thus precluding the Government from speaking with his lawyers, requesting documents from them, and otherwise determining whether Salzano has met the requirements to establish an advice of counsel defense. *Id.* This, the Government argues, "may raise additional issues" and cause "undue delay of trial." *Id.* at 10.

Thus, the Government modifies its initial MIL to request: (1) a detailed advice-of-counsel disclosure setting forth the specifics of the defense including what advice he received and on what topics and on what factual basis, who he received it from, the circumstances of the advice, and when the advice was received; and (2) production of all documents concerning the intended advice of counsel defense, including any documents that might impeach or undermine the defense. Gov't Reply at 10-11. Should Salzano fail to comply, the Government requests preclusion of the defense. *Id.* at 11.

In criminal cases, the "thrust of [the defense] is that the defendant, on the basis of counsel's advice, believed his conduct to be lawful and thus could not be found to have had unlawful intent." *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1194 (2d Cir. 1989). The advice-of-counsel defense is a more specific form of the defense of good faith, available in limited circumstances in which a good faith instruction may otherwise be applicable. *See, e.g.*, *United States v. Greenspan*, 923 F.3d 138, 146 (3d Cir. 2019); see also Sand, *Modern Federal Jury Instructions*, ¶ 8-04. The advice-of-counsel issue does not arise unless there are enough facts in the record to support the defense's prerequisites. *Greenspan*, 923 F.3d at 146 (3d Cir. 2019). "Only after the defendant satisfies his burden of producing enough facts must the prosecution rebut this defense." *Id.* And the trial court decides whether the defendant has met his burden. *Id.* at

3

147.  However, while a defendant bears the burden of production, he bears no burden of persuasion; "[t]he prosecution is always responsible for proving the defendant's guilty state of mind." *Id.* (holding that district court erred by shifting burden of proof to defense).

The advice-of-counsel defense requires a defendant to "introduce[] evidence that (1) 'he relied in good faith on the counsel's advice that his course of conduct was legal,' and (2) 'he made full disclosure of all material facts to his attorney before receiving the advice at issue.'" *United States v. Gray-Burriss*, 920 F.3d 61, 66 (D.C. Cir. 2019) (quoting *United States v. DeFries*, 129 F.3d 1293, 1308 (D.C. Cir. 1997)).  By invoking the defense, the defendant waives attorney-client privilege and must therefore disclose to the government (1) all "communications or evidence" the defendant intends to rely on to establish the defense, and (2) any "otherwise-privileged communications" the defendant does "*not* intend to use at trial, but that are relevant to proving or undermining" it.  *United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018) (emphasis in original) (citation omitted); *see United States v. White*, 887 F.2d 267, 270 (D.C. Cir. 1989); *In re Kellogg Brown & Root, Inc.*, 796 F.3d 137, 145 (D.C. Cir. 2015) ("[T]he attorney-client privilege cannot at once be used as a shield and a sword" by allowing parties to "disclos[e] as much [privileged material] as [they] please[]" and then to "withhold the remainder.").

Although the Federal Rules of Criminal Procedure do not specifically require defendants to provide pretrial notice of an advice-of-counsel defense, courts have broad discretion to impose disclosure and notice requirements outside the rules.  *See United States v. Armstrong*, 517 U.S. 456, 474 (1996) ("[Rule 16] is intended to prescribe the minimum amount of discovery . . . [not] to limit the judge's discretion to order broader discovery."  (citation omitted)); *United States v. Mubayyid*, No. 5-40026, 2007 U.S. Dist. LEXIS 45655, at *2 (D. Mass. June 22, 2007) (finding that courts have broad inherent authority to order notice and discovery of any advice-of-counsel

defense outside Rule 16). Because waiting until trial to invoke the defense—and comply with the disclosure obligations it triggers—could cause disruption and delay, the majority of district courts that have considered the question have imposed a pretrial notice and discovery requirement. *See United States v. Dallmann*, 433 F. Supp. 3d 804, 812 (E.D. Va. 2020) (collecting cases).

However, courts have not uniformly done so. Compare *Memory Bowl v. N. Pointe Ins. Co.*, 280 F.R.D. 181, 186 (D.N.J. 2012) (requiring defendant "to advise whether or not it intends to rely on an 'advice-of-counsel' defense" before trial to avoid "unnecessary delay or expense"), with *United States v. Alessa*, 561 F. Supp. 3d 1042, 1049 (D. Nev. 2021) and *United States v. Wilkerson*, 388 F. Supp. 3d 969, 974-75 (E.D. Tenn. 2019). The most persuasive of those is *Wilkerson*, in which the district court found that a "defendant could wait and decide what defenses to raise once they see what evidence the Government presents at trial." *Id.* at 975. Thus, "it would be untenable—and, most likely, unconstitutional—to require Defendants to turn over potential evidence (most of which is currently privileged) to the Government or risk forfeiting a defense." *Id.*

However, this matter is distinguishable based on its procedural posture (about three weeks before trial) and charges. *See United States v. Ray*, No. 20-cr-110, 2021 U.S. Dist. LEXIS 226839, at *22 (S.D.N.Y. Nov. 22, 2021) (denying similar motion "months before trial" in extortion/sex trafficking trial, requiring production of list of attorney witnesses and nonprivileged documents, and deferring production of privileged documents and attorney-client privilege waiver until "unequivocal assertion of advice-of-counsel defense or government's case-in-chief").

Here, Salzano has explicitly indicated, shortly before trial, the possibility of utilizing the advice-of-counsel defense. And as one court recently noted, "notice without disclosure would have little practical value, and would inject undue delay into the parties' pretrial preparations."

5

*United States v. Trump,* No. 23-257, 2023 U.S. Dist. LEXIS 200420, at *3 (D.D.C. Nov. 8, 2023) (setting deadline for notice, with discovery to follow upon notice). Moreover, "the defendant's burden, . . . revealing an aspect of their trial strategy pretrial, can be mitigated by requiring notice of intent to assert the advice-of-counsel defense only shortly before trial." *See Dallmann*, 433 F. Supp. 3d at 813 (ordering notice of defense ten days before trial, and discovery only thereafter); *see also Crowder*, 325 F. Supp. 3d at 139 (setting deadline of two weeks before trial for notice and discovery).

Because trial is already on the horizon, because Salzano has equivocated as to whether he actually intends to use the defense, and to minimize unnecessary interruption and delay during the trial, the Court will therefore direct Salzano, by February 20, 2024—two weeks before trial—to confirm whether he intends to invoke the advice-of-counsel defense (and therefore waive privilege as to communications with the attorneys named as potential witnesses). If, at that time, Salzano has chosen to invoke the defense and provides said notice, Salzano shall simultaneously produce to the Government all documents concerning the intended advice-of-counsel defense, including any documents that might impeach or undermine the defense.[3] Should Salzano fail to comply, the Court may preclude the defense.

---

[3] The branch of the Government's MIL seeking "a detailed advice-of-counsel disclosure setting forth the specifics of the defense including what advice he received and on what topics and on what factual basis, who he received it from, the circumstances of the advice, and when the advice was received" is **DENIED**. The Government does not provide any justification, nor is the Court aware of any, to require Salzano to map the precise contours of his entire defense.

## III. CONCLUSION AND ORDER

For the reasons above, it is

**ORDERED** that the Government's motion in limine to disclose the scope and bases of his advice-of-counsel defense, D.E. 71 at § V, is **GRANTED** consistent with the above.

February 15, 2024                                                                                         s/ Evelyn Padin
                                                                                                          Evelyn Padin, U.S.D.J.