**KLINGEMAN CERIMELE**
ATTORNEYS

100 Southgate Parkway
Suite 150
Morristown, NJ 07960

klingemanlaw.com

November 10, 2024

Honorable Evelyn Padin, U.S.D.J.
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, P.O. Box 999
Newark, NJ 07102

    Re:    <u>United States of America v. Thomas Nicholas Salzano</u>
           Crim. No. 22-690 (EP)

Dear Judge Padin:

We represent Defendant Thomas Nicholas Salzano. We write in response to the Government's sentencing submission, dated October 23, 2024.

The Government did not initially seek an enhancement for Obstruction of Justice. Pursuant to paragraph 187 of the final presentence report, however, the U.S. Probation Office asserts that Mr. Salzano "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstruction conduct related to [his] offense of conviction and any relevant conduct, or closely related offense." More specifically, it is alleged that

> Salzano obstructed or impeded the administration of justice. After Salzano was arrested for the instant offense, he filed false tax returns with the IRS on behalf of himself and his estranged wife. Salzano instructed high-level NRIA employees to use "burner phones" to avoid having their conversations monitored by law enforcement, and he continued to misappropriate investor money using nominee bank accounts to avoid IRS scrutiny. Salzano attempted to stop at least one NRIA employee from hiring an attorney that would cooperate with law enforcement's investigation.

Final PSR at p. 51.

The Government recognizes that the above facts do **not** support the obstruction enhancement. That is why the Government supplemented the record in its sentencing submission with two purported statements from Witness-1 and Witness-2.

Mr. Salzano contests the Government's purported summary of the statements made by those witnesses. There simply exists no evidentiary support – testimonial or otherwise – that the

1

court can rely on to support the obstruction finding. More importantly, Mr. Salzano vehemently disagrees that he took any steps to obstruct justice.

If the Court intends to rely on the purported statements from Witness-1 and Witness-2, Mr. Salzano is entitled to contest those allegations, including in an evidentiary hearing. *See* U.S.S.G. § 6A1.3 ("Although lengthy sentencing hearings seldom should be necessary, disputes about sentencing factors must be resolved with care. When a dispute exists about any factor important to the sentencing determination, the court must ensure that the parties have an adequate opportunity to present relevant information.") *See also United States v. Ibanez*, 924 F.2d 427 (2d Cir. 1991) (An evidentiary hearing may sometimes be the only reliable way to resolve disputed issues); *United States v. Jimenez Martinez*, 83 F.3d 488, 494-95 (1st Cir. 1996) (finding error in district court's denial of defendant's motion for evidentiary hearing given questionable reliability of affidavit on which the district court relied at sentencing); *United States v. Roberts*, 14 F.3d 502, 521(10th Cir. 1993) (remanding because district court did not hold evidentiary hearing to address defendants' objections to drug quantity determination or make requisite findings of fact regarding drug quantity); *see also United States v. Fatico*, 603 F.2d 1053, 1057 n.9 (2d Cir. 1979), cert. denied, 444 U.S. 1073 (1980) (The sentencing court must determine the appropriate procedure in light of the nature of the dispute, its relevance to the sentencing determination, and applicable case law.).

Significantly, when a portion of the presentence report is contested, the Federal Rules of Criminal Procedure provide that the court may *"determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing.*" Fed. R. Crim. P. 32(i)(3)(B). Here, the obstruction enhancement will not affect the guidelines analysis or guidelines range in any way. *See* Final PSR at p. 52. Consequently, the Court should conclude that there exists no reason to resolve the disputed factual issue, and determine that the obstruction enhancement should not apply.

                                                      Respectfully submitted,

                                                      /s/ Henry Klingeman
                                                      HENRY E. KLINGEMAN, ESQ.

                                                      /s/ Ernesto Cerimele
                                                      ERNESTO CERIMELE, ESQ.

cc: AUSAs Jonathan Fayer, Lauren Repole, and John Mezzanotte
    Mr. Thomas Nicholas Salzano