2019R00244/JF/LR/PAL/ar

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Evelyn Padin, U.S.D.J. |
| v. | : | Crim. No. 22-690 |
| THOMAS NICHOLAS SALZANO, a/k/a "Nicholas Salzano," | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE (MONEY JUDGMENT) AND PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY (FINAL AS TO THE DEFENDANT) |
| Defendant. | : | |
| | : | |

WHEREAS, on or about February 27, 2024, pursuant to a plea agreement with the United States, defendant Thomas Nicholas Salzano pleaded guilty to Counts Two, Three, and Eleven of the Indictment, which charged him with (1) securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5 (Count Two); (2) conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count Three); and (3) conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count Eleven). In the plea agreement, the defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real or personal, the defendant obtained that constitutes or is derived from proceeds traceable to Counts Two and Three of the Indictment, which the defendant agreed had an aggregate value of $8,520,280.86 (the "Money Judgment"); and

WHEREAS, in the plea agreement, the defendant further acknowledged that one or more of the criteria set forth in 21 U.S.C. § 853(p) are met, entitling

the United States to forfeit substitute assets of the defendant in an amount not to exceed the amount of the Money Judgment; and

WHEREAS, the defendant further agrees to forfeit all of his right, title, and interest in (1) $114.00 in United States currency that was seized from the defendant on or about October 12, 2022, and (2) approximately $115,000.00 in United States currency contained in TD Bank account ending in 9877 held in the name of Double Your Volume LLC (collectively, the "Specific Property"), which the defendant admits are proceeds the defendant obtained as a result of the securities fraud offense and wire fraud conspiracy offense charged in Counts Two and Three of the Indictment and therefore is forfeitable to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Any forfeited money and the net proceeds derived from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof; and

WHEREAS, in the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Pocedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; acknowledged he understood that the imposition of the Money Judgment is part of the sentence that may be imposed in this case; waived any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the

forfeiture does not violate the Eighth Amendment. The defendant further acknowledged that any forfeiture of his assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Having considered the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

### *Money Judgment*

1. All property, real or personal, that constitutes or is derived from proceeds obtained by the defendant that are traceable to the commission of the securities fraud offense and wire fraud conspiracy offense charged in Counts Two and Three of the Indictment, to which the defendant has pleaded guilty, is forfeited to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. The defendant having conceded that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, the United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the proceeds the defendant obtained, which was $8,520,280.86. A money judgment in the amount of $8,520,280.86 (the "Money Judgment") is hereby entered against the defendant, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

3. All payments on the Money Judgment shall be made by (a) electronic funds transfer, as directed by the United States Attorney's Office, or

(b) postal money order, bank or certified check, made payable in this instance to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4. Until the defendant is sentenced, the United States Marshals shall deposit all payments on the Money Judgment in its Seized Assets Deposit Account. After the defendant is sentenced and the Judgment is entered on the docket, all payments on the Money Judgment shall be forfeited to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p), and shall be deposited in the Asset Forfeiture Fund.

### *Forfeited Specific Property*

5. As a further result of the defendant's conviction of the offenses charged in the Indictment, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Federal Rule of Criminal Procedure 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title, and interest in the Specific Property, which the defendant admits he obtained directly or indirectly from the securities fraud offense and wire fraud conspiracy offense charged in Counts Two and Three of the Indictment, are hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service shall take possession of the

Specific Property and hold such property in its secure custody and control pending entry of a final order of forfeiture.

7. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8. Pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title, or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title, and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

9. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days

from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

10. Upon adjudication of all third-party interests, and after the defendant is sentenced and the Judgment is entered on the docket, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

### Other Provisions

11. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made a part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

12. Any forfeited money and the net proceeds derived from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

13. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of assets to satisfy the Money Judgment, or in connection with any petitions filed pursuant to 21 U.S.C. §

-7-

853(n), including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

14. The Clerk of the Court is directed to enter a Criminal Forfeiture Money Judgment against the defendant in favor of the United States in the amount $8,520,280.86.

15. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this 12 day of ~~October~~ November, 2024.

_____
Hon. Evelyn Padin, U.S.D.J.

The undersigned hereby consent to
the form and entry of this Order:

Philip R. Sellinger
United States Attorney

_____     Dated: 11/12/2024
By: Lauren Repole
Assistant United States Attorney

_____     Dated: 11/12/2024
Thomas Nicholas Salzano, Defendant

_____     Dated: 11/12/2024
Henry E. Klingeman, Esq.
Ernesto Cerimele, Esq.
Attorneys for Thomas Nicholas Salzano